

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

New Bedford Fishermen's Pension Trust,
By its Trustees,

         Plaintiff

vs.

Silva Fishing Corp., Owner of the
F/V Lutador,

         Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

04 - 12433 JLT

### MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Now comes the plaintiff in the above-entitled action and pursuant to Rule 65 requests an order enjoining and restraining defendant, Silva Fishing Corp., its officers, directors, employees, agents, and representatives from distributing, transferring, encumbering, alienating, pledging, or otherwise disposing of $78,000.00 of the proceeds of the sale of the F/V Lutador, and its fishing licenses, permits, and fishing history, and the defendant deposit the same with the court. In support of this application, plaintiff states the following:

1.    This action was commenced pursuant to the Employee Retirement Income Security Act of 1974, "ERISA", P.L. 93-406, Title 29, §1001, *et seq.*, as amended, and the Labor Management Relations Act, 29 USC §185, as amended.

*This being an ex parte Motion for TRO, it is denied without prejudice*
*/s/ Tauro AJ*
*11/18/04*

2. Plaintiff brought this action to enforce payment of a withdrawal liability which will be recognized upon the sale of the fishing vessel Lutador.

3. The withdrawal liability sought by plaintiff is $68,382.09. See Affidavit of Ana C. Salvador, which is attached hereto and incorporated herein as Exhibit "A".

4. The defendant, owner of the fishing vessel Lutador, Silva Fishing Corp., is pursuing the sale of said vessel. See Exhibit "A".

5. The fishing vessel Lutador is the only known asset of Silva Fishing Corp. and there is no known liability insurance available to satisfy any judgment plaintiff may recover in this action. See Exhibit "A".

6. Unless enjoined from doing so, defendant will likely dissipate the proceeds of the sale of said fishing vessel, leaving plaintiff with no opportunity for relief in this action.

7. In light of the foregoing, plaintiff will suffer an immediate and irreparable injury unless its application for a temporary restraining order is granted.

8. A preliminary injunction will not injure defendant.

9. Plaintiff is prepared to provide security in such amount as the court determines is necessary to cover the costs and expenses incurred by defendant in the event defendant is found to have been erroneously restrained and enjoined.

Wherefore, plaintiff requests that the court enter:

a.    A temporary restraining order against defendant restraining and prohibiting Silva Fishing Corp., its officers, directors, employees, agents, attorneys, and representatives from distributing, transferring, encumbering, alienating, pledging, or otherwise disposing of $78,000.00 of the proceeds of the sale of the F/V Lutador and its fishing licenses, permits, and fishing history, and the Defendant deposit the same with the Court; and

b.    The court set a hearing for a preliminary injunction at the earliest practical time.

        New Bedford Fishermen's Pension Trust
        By its attorneys

        *Mary E. Kelleher*

        Mary E. Kelleher
        Mickelson ♦ Barnet, P.C.
        30 Cornell Street
        New Bedford, MA 02740
        (508) 993-8800
        BBO # 544537

Date 11/18/04

G/USDC/NBFP-LUTADOR/MTN FOR TO (6017)

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No.

```
*****************************
                              *
New Bedford Fishermen's Pension Trust,   *
By its Trustees,              *
                              *
              Plaintiff       *
                              *
vs.                           *
                              *
Silva Fishing Corp., Owner of the    *
F/V Lutador,                  *
                              *
              Defendant       *
                              *
*****************************
```

### AFFIDAVIT OF ANA C. SALVADOR
### IN SUPPORT OF MOTION FOR TEMPORARY
### RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Ana C. Salvador, depose and say:

1. I am the administrator of the New Bedford Fishermen's Pension Trust (the "Fund").

2. Silva Fishing Corp. owns the fishing vessel Lutador.

3. Silva Fishing corp. is a party to a written collective bargaining agreement and is obligated to make employer contributions to the Trust. A copy of the agreement is attached as Exhibit "1".

4. On information and belief, Jose Silva is the owner of Silva Fishing Corp. which owns the fishing vessel Lutador.

5. On or about October 29, 2004, Jose Silva was in the Fund office asking about his pension and he told me he was going to be selling his boat, the F/V Lutador. I then told him about the withdrawal liability and that he would be getting a letter with the amount due. He said it wasn't fair and that he was going to ignore the letter.

   I then asked him for the date of sale, identity of buyer, and the identify of the lawyer. He refused to tell me saying he wasn't required to give that information.

6. The Fund actuary calculated the withdrawal liability for the F/V Lutador to be $68,382.09.

7. I am not aware of any liability insurance of defendant available to satisfy the judgment the plaintiff is likely to recover.

8. I am not aware of any other assets other than the F/V Lutador of Silva Fishing Corp. available to satisfy the judgment plaintiff is likely to recover.

9. I am concerned that if the order is not granted, that there will be no assets from which the Fund can recover, particularly in view of published news reports that the National Oceanic and Atmospheric Administration recently barred Jose Silva from fishing for 18 months and fined him $150,000 for taking almost 700 illegal lobsters. See Exhibit "2".

Signed under the penalties of perjury this 17th day of November, 2004.

*Ana C. Salvador*
Ana C. Salvador

G/USDC/NBFP-LUTADOR/AFF OF CRIS (6017)

EXHIBIT 1

2/26/01

## MEMORANDUM OF UNDERSTANDING

WHEREAS, The Seafarers International Union, Atlantic, Gulf, Lakes and Inland Waters District, AFL-CIO and F/V Contador are parties to a collective bargaining agreement known as the "Dragger Agreement" effective February 1986 through February 10, 1989;

WHERERAS, upon expiration of that Agreement, the parties mutually agreed to renew and extend the terms of that Agreement by the execution of a succession of Memorandum of Understanding which incorporated several modifications, the latest of which is due to expire on March 14, 2001.

WHEREAS, the parties wish to extend the terms and conditions of this Dragger Agreement, with the following modifications, for an additional three year term, so that all the terms and conditions therein will remain in full force and affect for an additional three year period; EXCEPT that Article 28.9, The Lay

1. Section (A) paragraphs (IX) and (X) shall be amended to read as follows:

> "(IX) 4% of gross stock to the New Bedford Fishermen's Welfare Fund
> (X) 2% of gross stock into the New Bedford Fishermen's Pension Plan"; and

2. Section (C) shall be amended to read as follows:

> "The Employer will then divide the remainder of the 52% by the number of men (Captain and Crew) and the resulting amounts shall be the share of each man."

3. Section (D) shall be amended to read as follows:

> "In addition, the Employer shall pay to the Captain an amount equal (10)% of 48% of the amount obtained after the deductions in Paragraph 28.9, Sub-paragraph A above. In computing wages of Captain and Crew in

Article 28.9. no other deductions shall be
made except those provided for in A & B above
and weighers and the deductions provided for
in Paragraph 20.6"

NOW THEREFORE, the parties by execution of this Memorandum of Understanding agree to extend the aforementioned Agreement with the above stated modifications, from March 14, 2001 through March 14, 2004.

02-26-2001
Date

SEAFARERS INTERNATIONAL UNION,
ATLANTIC, GULF, LAKES AND
INLAND WATERS DISTRICT, AFL-CIO

BY: _Henri Francois_
Title: _Port Agent_

02-26-2001
Date

_Silva Fishing Corp._
Employer

_F/V Loutador_
Vessel(s)

BY: _Jose Silva_
Title: _PRESIDENT_

THE BELOW LISTED COMPANY AGREES TO BE BOUND BY THE TERMS & PROVISIONS OF THE FOLLOWING TRUST AGREEMENTS AND ANY AMENDMENTS OR MODIFICATIONS THEREOF:

AGREEMENT AND DECLARATION OF WELFARE PLAN OCTOBER 15, 1958 AS AMENDED FROM TIME TO TIME.

AGREEMENT AND DECLARATION OF PENSION TRUST JUNE 3, 1963 AS AMENDED FROM TIME TO TIME.

BOAT *F/V Outadou*

CORPORATION

*Silva Fishing Corp.*

DATED: 02-26-01   BY *Jose Silva*

NEW BEDFORD FISHERMEN'S WELFARE FUND
NEW BEDFORD FISHERMEN'S PENSION TRUST

DATED: 02-26-01   *Henri Francois*



EXHIBIT
2

# SouthCoastToday
### The Standard Times    .COM


Physicians HomeCare
Pathways to Health



* Physician Directed
* Team Centered
* Outcome Driven

**Your Town** | **Today's Edition** | **Check it out** | **Things to Do** | **Subscribers Only**

**Marketplace**
Find a Car
Find a Job
Find a Home
Find a Business
Cashback Mall

# STAN & PAUL'S Appliances
We meet or beat all advertised prices

**Your Town**
Acushnet
Dartmouth
Fairhaven
Fall River
Freetown
Lakeville
Marion
Mattapoisett
New Bedford
Rochester
Wareham
Westport

**Today's Edition**
Top Stories
Headlines
Local News
World/Nation
State/Region
Living
Sports
Opinion

**Classified Ads**
All
Announcements
Boating
Employment
Financial
Legal Notices
Miscellaneous
Personals
Real Estate

## Boat owner to pay $150,000 penalty for illegal catch
*By DANIEL E. GOREN, Standard-Times staff writer*

NEW BEDFORD -- The owner of the fishing vessel Lutador II, apprehended with the largest illegal lobster catch in recent history, has settled out of court for $150,000, will be forced to sell the boat and is barred from replacing it for three years, officials said.

Jose D. Silva, the owner and captain of the Lutador II, also faces an 18-month operators permit sanction, meaning he cannot set foot on a commercial vessel that contains fish in its holds, officials from the National Oceanic & Atmospheric Administration said.

This prohibits Mr. Silva from boarding his second boat, the Lutador, although he can hire others to run it.

"He can't be on any boat," said Charles Juliand, senior enforcement attorney for NOAA's northeast region, who negotiated the settlement. "If that boat comes in to dock and he gets on it and it has fish on it, then he is in trouble."

Mr. Silva also loses the $35,698 that came from the sale of fish seized when his boat was stopped, as well as the possible proceeds from 2,000 pounds of illegal lobsters that were returned to the sea, Mr. Juliand said.

"This was certainly the biggest lobster seizure case I've ever seen," Mr. Juliand said. "Now his fleet is effectively cut in half for the next three years, and hopefully those lobsters will go out there and make babies."

Mr. Silva, who could not be reached for comment, had faced $663,000 in penalties if the case had gone to trial.

He was caught on March 7 as the vessel headed into the city harbor. The Coast Guard boarded the Lutador II -- lutador means "fighter" in Portuguese -- and uncovered a cache of nearly 700 illegal lobsters hidden in two bins under boards, tarps, ice and a layer of fish, the Coast Guard said.

After the Lutador II was boarded, the lobsters were analyzed on shore by police, the Coast Guard and NOAA agents.

More than 500 of the lobsters were female and showed evidence of having been illegally scrubbed of their eggs, a state biologist confirmed.

The illegal catch resulted in seven violations of the Atlantic Coastal Fisheries Cooperative Management Act. The Lutador II possessed illegal lobster parts, scrubbed lobsters, "berried" females still bearing eggs and more than the legal limit of lobsters, according to the Coast Guard.

The boat also had "V-notched" lobsters, which is illegal under federal law,

Boat owner to pay $152,400 penalty for illegal catch: 7/30/2004   Page 2 of 3
Case 1:04-cv-10400-JLT   Document 2   Filed 11/18/2004   Page 10 of 10

Rentals
Service Professionals
Transportation



Full Headlines
Obituaries
Lottery
Crossword
Horoscopes
Back Editions
Special Reports
Police Logs
Building Permits

officials said.

    These are lobsters with a "v" notched into the tail of the lobster by a responsible fisherman who marked the animal to indicate it was bearing eggs when first caught and was then returned to the sea.

    Each of the seven violations ranged in possible penalty from $33,000 to the maximum allowable $120,000, officials said.

This story appeared on Page A7 of The Standard-Times on July 30, 2004.

 DISCUSS THIS STORY     PRINT THIS PAGE     EMAIL TO A FRIEND











Top    Site Map    Subscribe    Advertise    Contact Webmaster