UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW BEDFORD FISHERMEN'S PENSION TRUST FUND, BY ITS TRUSTEES ) ) ) | |
| VS ) ) | CIVIL ACTION NO. 04-12433-JLT |
| SILVA FISHING CORP., OWNER OF THE F/V LUTADOR ) ) | |

**DEFENDANT'S ANSWER**

Now comes the defendant in the above matter and answers the plaintiff's Complaint as follows:

1. Paragraph One states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

2. Paragraph Two is a statement of Plaintiff's intent which requires no answer. To the extent an answer is required, Denied.

3. Paragraph Three states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

4. Paragraph Four states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

5. Paragraph Five states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

6. Defendant is without sufficient information to admit or deny Paragraph Six. As such, Defendant denies Paragraph Six.

7. Paragraph Seven states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

8. Defendant is without sufficient information to admit or deny Paragraph Eight. As such, Defendant denies Paragraph Eight.

9. Defendant is without sufficient information to admit or deny Paragraph Nine. As such, Defendant denies Paragraph Nine.

10. Defendant admits that Silva Fishing Corp. is a Massachusetts corporation with a principal place of business in New Bedford, Massachusetts. Except as expressly admitted herein, Denied.

11. Paragraph Eleven purports to interpret a portion of a contractual agreement. Said document speaks for itself. As such, Paragraph Eleven requires no answer. To the extent an answer is required, Defendant states: Denied.

12. Paragraph Twelve purports to interpret a portion of a contractual agreement. Said document speaks for itself. As such, Paragraph Twelve requires no answer. To the extent an answer is required, Defendant states: Denied.

13. Paragraph Thirteen states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

14. Defendant is without sufficient information to admit or deny Paragraph Fourteen. As such, Defendant denies Paragraph Fourteen.

15. Denied.

16. Defendant admits that Jose Silva is a shareholder and officer of Silva Fishing Corp. Except as expressly admitted herein, Denied.

17. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief can be granted

2. The Complaint fails on the grounds of Estoppel.

3. The Complaint fails on the grounds of Failure of Consideration.

4. The Complaint fails on the grounds of Payment.

5. The Complaint fails on the grounds of Release.

6. The Complaint fails on the grounds of Statute of Frauds.

7. The Complaint fails on the grounds of Waiver.

8. The Complaint fails on the grounds of Improper Venue.

9. The Complaint fails on account of failure to exhaust administrative remedies.

Respectfully submitted,

SILVA FISHING CORP.

By its Attorney,

JOHN A. MARKEY, JR., ESQUIRE
MOSES SMITH & MARKEY, LLC
50 Homers Wharf
New Bedford, MA  02740
(508)993-9711
BBO #633540

## CERTIFICATE OF SERVICE

I, John A. Markey, Jr., attorney for the defendant, hereby certify that on this day I mailed a true copy of the within Answer, postage prepaid, to Mary Kelleher, Esquire, Mickelson Barnet, P.C., 30 Cornell Street, New Bedford, MA 02740.

_____
JOHN A. MARKEY, JR.

Dated: January 6, 2005