UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW BEDFORD FISHERMEN'S PENSION TRUST, By its Trustees | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 04-12433-JLT |
| SILVA FISHING CORP., Owner of the F/V LUTADOR | * * * | |
| Defendants. | * | |

ORDER

October 3, 2006

TAURO, J.

Considering the following factors:

    1) The MPPAA is clear that disputes as to withdrawal liability must be submitted to arbitration in the first instance;[1]

    2) The filing of a civil complaint does not appear to waive that requirement;[2]

    3) It is undisputed that the Defendant did not demand arbitration;

This Court hereby orders that the Parties immediately show cause as to:

---

[1] 29 U.S.C. §1401(a)(1) (2006). See Board of Trustees of Trucking Employees of N.J. Welfare Fund v. Canny, 900 F. Supp. 583, 593 (N.D.N.Y. 1995).

[2] The Court is aware of two cases that rule that a complaint itself can constitute sufficient notice to commence the time period in which a defendant must respond by demanding arbitration. Bowers on behalf of NYSA-ILA Pension Trust Fund v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 263 (2d Cir. 1990); Trucking Employees of N.J., 900 F. Supp. at 593 (D.N.Y. 1995). If a complaint itself can serve as notice from which an employer must seek arbitration, there are no grounds for arguing that the filing of a complaint somehow waived the arbitration requirement.

1) What legal basis the Court has to hear evidence in this case; and

2) Why Summary Judgment as to liability is not appropriate.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge