UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12433-JLT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

New Bedford Fishermen's Pension Trust,
By its Trustees,

                     Plaintiff

vs.

Silva Fishing Corp., Owner of the
F/V Lutador,

                     Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO JUDGE TAURO'S
ORDER OF OCTOBER 3, 2006 TO SHOW CAUSE**

The Court has ordered the parties to show cause as to:

1. What legal basis the Court has to hear evidence in this case; and

2. Why summary judgment as to liability is not appropriate.

There is no legal basis for the Court to hear evidence as to:

1. liability and the amount thereof in light of the arbitration requirement in MPPAA and the defendant's failure to initiate arbitration.

2. mandatory attorney's fees, if the Court treats Silva Fishing Corp.'s two late payments of the quarterly withdrawal liability amounts as delinquent contributions under 29 USC §1451(b). In any successful action by a plan to enforce delinquent contributions under MPPAA, the court shall award to the plan mandatory interest, attorney's fees, and costs. *See* 29 USC §§1132(g)(2) and 1145. Plaintiff has proposed submitting an affidavit regarding attorney's fees and costs.

04-12433-JLT

1

If there is not a ruling for mandatory attorney's fees, interest, and costs as set forth above, there is a legal basis for the Court to hear evidence whether attorney's fees on a discretionary basis under 29 USC §1451 will be granted. *See* Plaintiff's Request for Findings and Rulings of Law, No. 43. There are usually five factors the court will consider. These facts and circumstances could also be submitted by affidavit.

There is a legal basis for the Court to hear evidence relating to whether the facts and circumstances constituted a default as defined in Section 9.1(c)(2)(D) of the NBFP Regulations where default is defined as, among other things, a withdrawal after [sic] where, after a request by the trustees, the Employer is unable to provide adequate assurance under all the facts and circumstances, that it is likely to pay its withdrawal liability. In the event of default, the entire outstanding amount of withdrawal liability becomes immediately due and payable under Section 9.8(f) of the NBFP Regulations. However, this evidence could also be submitted by affidavit.

**Summary Judgment.** The plaintiff submits that summary judgment as to liability in its favor in the amount of $68,382.09 is appropriate.

New Bedford Fishermen's Pension Trust
By its attorneys

    /s/ Mary E. Kelleher
Mary E. Kelleher, BBO# 544537
Mickelson Barnet, P.C.
30 Cornell Street
New Bedford, MA 02740
(508) 993-8800
mek@mickelsonbarnet.com

Date: October 3, 2006

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 3, 2006