UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

NEW BEDFORD FISHERMEN'S PENSION    )
TRUST FUND, BY ITS TRUSTEES        )
                                   )
VS                                 )        CIVIL ACTION NO.
                                   )        04-12433-JLT
SILVA FISHING CORP., OWNER OF THE  )
F/V LUTADOR                        )

### DEFENDANT'S RESPONSE TO COURT'S ORDER
### TO SHOW CAUSE

1. Given the procedural posture of the case and conduct of the parties in this litigation, the
   Court has the equitable authority to either: (a) hear the dispute on the merits; or (b) order
   the parties to arbitration with the support of a finding that equitable tolling entitles
   Defendant to proceed to arbitration for a decision on the merits.

2. The case at bar is distinguishable from the Second Circuit cases cited in the Court's
   October 3, 2006 Order for three reasons: (a) the employer in this case is not in default of
   its obligations to make payments; and (b) in this case, the issue of arbitration was first
   raised with the Court on the eve of trial; and (c) in the instant case, both parties have
   conducted discovery, engaged experts, and appeared before this Court on several
   occasions creating a reasonable expectation that the merits of the case would be resolved
   in this forum. Given these distinctions and the case law which follows, the Court may
   either: (a) decide the matter on the merits; or (b) refer the matter to arbitration with a
   finding that equitable tolling entitles Defendant to a decision on the merits.

1

## Factual Background

3.  Beginning in November 2004, continuing through the discovery process and up until the present, Defendant has acknowledged that it withdrew from the Plaintiff pension fund. The only issue that the Defendant has contested and continues to contest is the calculation and assessment of withdrawal liability. Toward that end, throughout 2005 and 2006, Defendant repeatedly sought information which would allow Defendant's actuary to fully assess and review the claimed withdrawal liability. (See Exhibit 1)

4.  In late 2005, after a Status Conference before the Court, the United States District Court (Tauro, J.) ordered the parties to organize a meeting of the actuaries in an attempt to resolve their differences. The parties honored this request. Although the experts were not able to agree upon a number, the parties significantly narrowed their differences. Defendant offered to settle the matter somewhere between the respective experts' calculations. This suggestion was rejected by Plaintiff. As a result, both parties proceeded with further written discovery and expert witness reports. (See Exhibit 1)

## Legal Precedent

5. Despite the language of Multiemployer Pension Plan Amendments Act indicating that disputes between employers and a plan sponsor concerning employer withdrawal shall be resolved through arbitration, not every dispute over withdrawal liability is required to be arbitrated. Park South Hotel Corp. v. New York Hotel Trades Council, C.A.2 (N.Y.) 1988, 851 F.2d 578, certiorari denied 109 S.Ct. 493, 488 U.S. 966, 102 L.Ed.2d 530.

6. The District Court had subject matter jurisdiction over pension fund's action against employer under Multiemployer Pension Plan Amendments Act (MPPAA) seeking to collect withdrawal liability payments, even though fund filed action before mandatory arbitration;

2

arbitration was not jurisdictional prerequisite. Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Exp., Inc., N.D.Ill.1998, 999 F.Supp. 1153, affirmed 181 F.3d 799, certiorari denied 120 S.Ct. 497, 528 U.S. 1004, 145 L.Ed.2d 384.

7. Arbitration is not a jurisdictional prerequisite for district court review of multiemployer pension plan withdrawal disputes. Central States Southeast and Southwest Areas Pension Fund v. Chatham Properties, C.A.6 (Mich.) 1991, 929 F.2d 260.

8. Although it is the preferred method of dispute resolution and normally the initial step preceding judicial intervention, federal arbitration is not a jurisdictional prerequisite for a district court review of multiemployer pension plan withdrawal disputes. Mason and Dixon Tank Lines, Inc. v. Central States, Southeast and Southwest Areas Pension Fund, C.A.6 (Tenn.) 1988, 852 F.2d 156.

9. "The essential question" of whether a party waives its right to arbitration "is whether, under the totality of the circumstances, the party acted 'inconsistently' with the arbitration right." Home Gas Corp. of Massachusetts v. Walter's of Hadley, Inc., 403 Mass. 772, 775 (1989)(finding waiver where the defendant participated in litigation even though, before it engaged in discovery, it had moved for a stay of arbitration proceedings but did not seek a hearing).

10. In answering this question, a court should consider " 'what set of facts will justify a holding that a party has waived his rights to arbitration.' " Id. See also Caribbean Insurance Services, Inc. v. American Bankers Life Assurance Company of Florida, 715 F.2d 17 (1st Cir. 1983)(finding that "defendant's waiver of arbitration followed from its unconditional agreement to a speedy trial on the merits."); Singer v. Dean Witter Reynolds Inc., 614 F. Supp. 1141, 1143 (D. Mass. 1985) (finding waiver and noting that the parties "engaged in

3

vigorous discovery and proceeded with the intent to resolve dispute through the judicial process and not through arbitration"); J.F. Hennesy Co. Inc. v. Barlow, IV, 1992 WL 368824, 1992 Mass.App.Div. 227 (1992) (noting that despite the existence of an arbitration clause, there was no abuse of discretion "in the trial court's determination that the delay by the defendant in not asserting its arbitration rights until the close of the plaintiff's evidence during the actual trial of this matter constituted a waiver of such rights); Hyppolite v. City of Boston, 1993 WL 81741 (Mass. Supr. Ct. 1993) (finding waiver where defendant answered complaint, engaged in pretrial motion practice and only sought arbitration on the eve of trial); Tumin v. Palesfsky, 7 Mass. App. Ct. 847 (1979) (finding that parties waived arbitration clause by proceeding to trial without making a request for arbitration).

11. The factors for the Court to consider in determining whether an arbitration provision has been waived include: (1) whether the party has actually participated in the lawsuit; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated; (3) whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand; (4) whether the party seeking arbitration has invoked the jurisdiction of the court by filing a claim without asking for a stay of the proceedings; (5) whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration) had taken place; and (6) whether the other party was affected, misled, or prejudiced by the delay. Id. at 775-76, quoting Reid Burton Construction, Inc. v. Carpenters Dist. Council of S. Colo., 614 F.2d 698, 702 (10th Cir.), cert. denied, 449 U.S. 824 (1980) (citations omitted).

4

12. Waiver of the right to arbitrate need not be express, but can be inferred by a court from the circumstances of the litigation. Jones Motor Company, Inc. v. Chauffeurs, Teamsters and Helpers Local Union No. 663 of New Hampshire, 671 F.2d 38 (1st Cir. 1982) (finding waiver where union engaged in considerable discovery, prepared case for summary judgment and waited for lower court to issue decision).

13. Arbitration clause is not jurisdictional, and parties waive clause if they proceed to trial of issues in dispute without requesting arbitration. Tumim, at 847.

Respectfully submitted,

SILVA FISHING CORP.

By its Attorney,

JOHN A. MARKEY, JR., ESQUIRE
MOSES SMITH & MARKEY, LLC
50 Homers Wharf
New Bedford, MA 02740
(508)993-9711
BBO #633540

October 3, 2006

Manuel F. Marques
Antonio L. Santos
Manuel F. Catulo

Gerard Dhooge
John Fay

Ana Cristina Salvador

Carolyn Gentile
Mickelson, Barnet
& Associates, P.C.

Telephone (508) 996-5618

Fax (508) 996-5619

## New Bedford Fishermen's Pension Trust

### 56 NORTH WATER STREET • NEW BEDFORD, MASSACHUSETTS 02740

November 10, 2004

Silva Fishing Corp
Jose Silva
1270 Reed Road
North Dartmouth, MA 02747

RE: F/V Lutador

Dear Mr. Silva:

Under Federal Law, when an employer ceases to contribute to a multi-employer pension plan, such as the New Bedford Fishermen's Pension Trust, that employer is obligated to pay its share of the Plan's liabilities for the benefits it provides.

Assuming your vessel is sold in 2004 and you cease to have an obligation to contribute, your company will become legally obligated to pay the sum of money called its Withdrawal Liability. Based on the foregoing assumption, the lump sum amount is $68,382.09 and it would be due on the first of the month following the month that the employer withdraws from the fund. This amount can be paid in quarterly installments of $4,180.79, until the amount of the Withdrawal Liability is satisfied, including all interest accruing thereon. Assuming payment of the quarterly installments begins on January 1, 2005, the final payment will be $1,117.15 payable on July 1, 2009.

If you have any questions, please feel free to call the office.

Sincerely,

*Ana C. Salvador*

Ana C. Salvador
Administrator

cc: Mary Kelleher, Esq.
    Carolyn Gentile, Esq.

" EXHIBIT 1 "

TOTAL P.0

FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

2004 NOV 18  A 11: 55

U.S. DISTRICT COURT
Civil Action No. DISTRICT OF MASS.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

New Bedford Fishermen's Pension Trust,
By its Trustees,

          Plaintiff

vs.

Silva Fishing Corp., Owner of the
F/V Lutador,

          Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**04 - 12433 JLT**

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED_ Yes
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._ TDM
DATE 11/18/04

MAGISTRATE JUDGE_____

**COMPLAINT**

    Plaintiff, the Trustees of the New Bedford Fishermen's Pension Trust (hereinafter "Trust"), by its attorney, as and for its complaint, states as follows:

1.    This action arises under the Employee Retirement Income Security Act of 1974, "ERISA", P.L. 93-406, Title 29, §1001, et. seq., as amended, and the Labor Management Relations Act, 29 U.S.C. §185, as amended.

2.    This action is brought by the Trust to enforce the payment of contributions to the plaintiff benefit plan arising out of the withdrawal liability on the part of the defendant.

3.    The failure of an employer to make withdrawal liability payment shall be treated in the same manner as a delinquent contribution within the meaning of Section 1145 of Title 29 of the U.S. Code. 29 USC §1451.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12433 JLT

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
New Bedford Fishermen's Pension Trust,        *
By its Trustees,                              *
                                              *
                    Plaintiffs                *
vs.                                           *
                                              *
Silva Fishing Corp., Owner of the             *
F/V Lutador,                                  *
                                              *
                    Defendant                 *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## STIPULATION AND ORDER

Now come the plaintiffs and defendant who stipulate and agree as follows:

1.    On or before December 10, 2004, the defendant will pay $73,500 to its attorney, John A. Markey, Jr., of New Bedford, Massachusetts, to be held in escrow in a non-interest bearing account, pending the resolution of plaintiffs' claim. The defendant, by this stipulation, is not waiving its right to contest the asserted liability or amount thereof. The plaintiffs, by this stipulation, are not waiving their right to seek funds in excess of $73,500.

2.    The escrowed funds may be used to make payments toward the withdrawal liability asserted by plaintiffs. The only other methods by which the escrowed funds may be released are either: (a) with written consent of both parties; or (b) by order of the Court.

3.    The plaintiffs reserve the right to a future hearing on its motion for preliminary injunction should it deem itself insecure.

4.    The parties agree that this stipulation is to be filed with the court for approval as an order.

Silva Fishing Corp., Owner of the
F/V Lutador
By its attorneys

John A. Markey, Jr.
Moses, Smith & Markey, LLC
50 Homers Wharf
New Bedford, MA 02740
(508) 993-9711
BBO # 633540

The Trustees of the New Bedford Fishermen's
Pension Trust
By their attorneys

Mary E. Kelleher

Mary E. Kelleher
Mickelson ♦ Barnet, P.C.
30 Cornell Street
New Bedford, MA 02740
(508) 993-8800
BBO # 544537

Date    12/13/04

G/USDC/NBFP-LUTADOR/STIPULATION (6017)

**CERTIFICATE   OF   SERVICE**

I hereby certify that a true copy of the
above document was served upon the
attorney of record (party) by mail (in hand)

on 12/13/2004
Mary E. Kelleher

2

# Mickelson ◆ Barnet, P.C.
### Counselors At Law
### 30 Cornell Street
### New Bedford, MA  02740-1709

Telephone: (508) 993-8800 or (508) 997-9334
Facsimile: (508) 992-8031

Harvey B. Mickelson

—————

Jay L. Horowitz
Gregory J. Koldys
Mary E. Kelleher
Carrie D. Hoyt

—————

Mary E. Kelleher email: mek@mickelsonbarnet.com

David S. Barnet
(1937-1994)

December 22, 2004

John A. Markey, Jr., Esq.
Moses, Smith & Markey, LLC
50 Homers Wharf
New Bedford, MA 02740

> Re:  New Bedford Fishermen's Pension Trust, By its Trustees
> Vs:  Silva Fishing Corp., Owner of F/V Lutador
> No.  04-12433 JLT

Dear Mr. Markey:

You have asserted that your client may qualify for a limitation on withdrawal liability pursuant to 29 USCA.  That section will not apply unless there has been a bona fide sale of all or substantially all assets of the employer in an arms length transaction to an unrelated party.

Your client would have to provide its financial and corporate records and possibly other documentation as well as those of the buyer, including documentation regarding the sale, to pass this threshold inquiry.  If your client intends to continue to assert that position, it should provide adequate information and documentation.

Yours truly,

MICKELSON ◆ BARNET, P.C.

Mary E. Kelleher

Mary E. Kelleher

MEK/gt
G/NBFP/LUTADOR/LTRS/MARKEY (6017)

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

NEW BEDFORD FISHERMEN'S PENSION          )
TRUST FUND, BY ITS TRUSTEES              )
                                         )
VS                                       )          CIVIL ACTION NO.
                                         )          04-12433-JLT
SILVA FISHING CORP., OWNER OF THE        )
F/V LUTADOR                              )

## DEFENDANT'S ANSWER

Now comes the defendant in the above matter and answers the plaintiff's Complaint as follows:

1. Paragraph One states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

2. Paragraph Two is a statement of Plaintiff's intent which requires no answer. To the extent an answer is required, Denied.

3. Paragraph Three states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

4. Paragraph Four states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

5. Paragraph Five states a legal conclusion which requires no answer. To the extent an answer is required, Denied.

6. Defendant is without sufficient information to admit or deny Paragraph Six. As such, Defendant denies Paragraph Six.

# Mickelson ◆ Barnet, P.C.
## Counselors At Law
### 30 Cornell Street
### New Bedford, MA  02740-1709

Telephone: (508) 993-8800 or (508) 997-9334
Facsimile: (508) 992-8031

Harvey B. Mickelson

Jay L. Horowitz
Gregory J. Koldys
Mary E. Kelleher
Carrie D. Hoyt

Mary E. Kelleher email: mek@mickelsonbarnet.com

David S. Barnet
(1937-1994)

February 16, 2005

VIA FACSIMILE AND MAIL
(508) 993-0469

John A. Markey, Jr., Esq.
Moses, Smith & Markey, LLC
50 Homers Wharf
New Bedford, MA 02740

> Re:  New Bedford Fishermen's Pension Trust, By its Trustees
> Vs:  Silva Fishing Corp., Owner of F/V Lutador
> No.  04-12433 JLT

Dear Mr. Markey:

Enclosed please find Automatic Disclosure by Plaintiff, Affidavit of Ana C. Salvador, and a list of Plaintiff's Proposed Deponents.

The court, in its Discovery Order, ordered the exchange and review of all documents, sworn statements, and lists of persons for deposition on or before February 22, 2005.

Request is made for you to provide the disclosure in sufficient time for me to review the information and documents by February 22, 2005.

I am also following up on my request that you confer with me regarding an agenda for the scheduling conference, a proposed pretrial schedule, and consideration of consent for trial by a magistrate judge. In addition, I need your comments on the joint statement previously sent.

Yours truly,

MICKELSON ◆ BARNET, P.C.

*Mary E. Kelleher*

Mary E. Kelleher

MEK/gt
Enclosures
G/NBFP/SILVA/LTRS/MARKEY (6017)

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12433-JLT

* * * * * * * * * * * * * * * * * * * * * * *
                                          *
New Bedford Fishermen's Pension Trust,    *
By its Trustees,                          *
                                          *
                  Plaintiff               *
vs.                                       *
                                          *
Silva Fishing Corp., Owner of the         *
F/V Lutador,                              *
                                          *
                  Defendant               *
                                          *
* * * * * * * * * * * * * * * * * * * * * * *

### AUTOMATIC DISCLOSURE BY PLAINTIFF

Pursuant to the Discovery Order dated February 4, 2005, L.R. 26.2(A), and F.R.Civ.P., 26(a)(1), plaintiff submits the following:

A.    **Information and Documents in accordance with Local Rule 26.2(A) and F.R.Civ.P., all 26(a)(1).**

1.    The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses unless, solely for impeachment, identifying the subjects of the information:

a.    Ana C. Salvador. Business address - 56 N. Water Street, New Bedford, Massachusetts, 02740. Business phone: (508) 996-5618. Administrator. Information regarding pension fund contributions, pension fund records,



and correspondence, communication with Jose Silva, the contract, and payments made by the F/V Lutador and/or Silva Fishing Corp. to the pension fund, pension regulations and amendments.

b.   Fatima Areias.   Business address - 56 N. Water Street, New Bedford, Massachusetts, 02740.   Business phone number:   (508) 996-5618. Information regarding pension fund records and correspondence.

c.   Representative of Edie and Maria Boat Settlements, 113 MacArthur Drive, New Bedford, Massachusetts, 02740.   Phone number: (508) 996-0525. Information regarding settlement sheets of the F/V Lutador, payments made by the F/V Lutador and/or Silva Fishing Corp. to the pension fund, and records of income and expenses of Silva Fishing Corp.

d.   Representative of Seafarers International Union, Atlantic, Gulf, Lakes and Inland Waters District , AFL/CIO (hereafter "SIU"), 27 Drydock Avenue, Boston, Massachusetts, 02210.   Phone number: (617) 261-0790. Information regarding the contract.

e.   Jose Silva, Silva Fishing Corp., New Bedford, Massachusetts.   Phone number: unknown.   Information regarding finances of the corporation, cessation of operations, dissolution, liquidation, contributions to the pension, corporate and financial records, and communication with the pension fund.

f.   Basil Castrovinci, Jr., Basil Castrovinci Associates, Inc., 3235 Kennedy Blvd., Jersey City, New Jersey, 07305.   Phone number: (201) 963-9600. Information regarding withdrawal liability and the calculation thereof.

2



4.    **Insurance** agreements liable to satisfy judgment plaintiff may recover. None.

5.    Document Production. The documents set forth or to which reference is made in Nos. 2 & 3 above, subject to redaction for non-relevant confidential information regarding participants are available for inspection and copying upon reasonable notice at the Fund office during its normal business hours of 9:00 a.m. to 4:00 p.m., Monday through Friday, excluding holidays.

**B.    Sworn Statements of claimant itemizing economic loss before date of service of process; identifies persons known, in accordance with Local Rule 26.1(B).**

1.    Sworn statement of Ana C. Salvador is attached hereto.

**C.    Persons plaintiff wishes to depose.**

1.    See attached list.

New Bedford Fishermen's Pension Trust
By its attorneys

*Mary E. Kelleher*

Mary E. Kelleher
Mickelson ♦ Barnet, P.C.
30 Cornell Street
New Bedford, MA 02740
(508) 993-8800
BBO # 544537

Date _2/16/2005_

G/NBFP/SILVA/AUTOMATIC DISCLOSURE (6017)

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW BEDFORD FISHERMEN'S PENSION TRUST FUND, BY ITS TRUSTEES, | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-12433-JLT |
| SILVA FISHING CORP., OWNER OF THE F/V LUTADOR, | ) ) ) | |
| Defendant | ) ) | |

## DEFENDANT'S INITIAL DISCLOSURES

NOW COMES Defendant Silva Fishing Corp., by and through its counsel to comply with

Rule 26 of the F.R.Civ.P. and Local Rule 26.2 to set forth he initial disclosures as follows:

1.    Name and Known address of individuals likely to have discoverable information:

Ana C. Salvador
56 North Water Street
New Bedford, MA 02740

Fatima Aerias
56 North Water Street
New Bedford, MA 02740

Basil Castrovinci, Jr.
3235 Kennedy Boulevard
Jersey City, NJ 07305

Jose Silva
113 MacArthur Drive
New Bedford, MA 02740

Gerald Dhooge
48 Union Street
New Bedford, MA 02740

2. Relevant Documents Include:

    a. Financial Statements and Accounting Records of the Seafarers International Union

    b. Business Records regarding Pensioners, Union Members – Seafarers International

Union

    c. Actuarial Accounting Records employed by Basil Castrovinci Associates, Inc.

    d. Business and Financial Records of Silva Fishing Corporation

    e. Correspondence between the Parties

3. Defendant acknowledges that it has withdrawn from the union and may be liable for withdrawal liability in some amount. Until the Defendant has received the union's accounting and actuarial records, Defendant cannot accurately determine the amount owed. In addition, Plaintiff is in the process of determining whether its own financial status entitles it to a partial exemption from the full withdrawal liability claimed by Plaintiff.

4. There is no insurance that is available in these circumstances. But, Defendant has set aside funds sufficient to pay the withdrawal liability in full and Defendant has previously stipulated that these funds shall remain encumbered until the instant dispute is resolved.

                                  Respectfully submitted,
                                  SILVA FISHING CORP.
                                  By his attorney,

                                  _____
                                  John A. Markey, Jr., Esq.
                                  50 Homers Wharf
                                  New Bedford, MA  02740
                                  (508)993-9711
                                  BBO #633540

## CERTIFICATE OF SERVICE

I, John A. Markey, Jr., attorney for the defendant herein, hereby certify that I caused to have served a copy of the foregoing document upon the plaintiff by mailing via first-class mail, postage prepaid, to Mary Kelleher, Esquire, Michelson, Barnet and Associates, 30 Cornell Street New Bedford, MA  02740

_____
John A. Markey, Jr.

Dated:  <u>March 1, 2005</u>

## MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

\* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

March 1, 2005

Mary E. Kelleher, Esquire
Mickelson & Barnet, P.C.
30 Cornell Street
New Bedford, MA  02740

Re:    New Bedford Fishermen's Pension Trust v. Silva Fishing Corp.
       C.A. No.  04-CV- 12433

Dear Attorney Kelleher:

I am writing to informally request certain documents that I need to review the actuarial calculations made by the union in the above captioned case. I realize that you are not legally required to produce the requested documents informally. But, given that both parties have an interest in efficiently resolving the matter, I hope you would be willing to produce the following two documents:

1. The most recent N.B.F.P.T. actuarial valuation report
2. The Plan Document

Once you have reviewed this request with your client, please call me to discuss whether you will voluntarily produce the requested documents. Thank you for your continued cooperation and professional courtesy.

Yours truly,

JOHN A. MARKEY, JR.

JAM/ljobf
Enclosure

## MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

HON. JOHN A. MARKEY
OF COUNSEL

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

March 11, 2005

Mary E. Kelleher, Esquire
Mickelson & Barnet, P.C.
30. Cornell Street
New Bedford, MA 02740

Re:    New Bedford Fishermen's Pension Trust v. Silva Fishing Corp.
       C.A. No. 04-CV- 12433

Dear Attorney Kelleher:

Thank you for providing me with the actuarial valuation report and the plan document. I
forwarded those documents to an actuary to review the methodology used by the pension
plan in determining the withdrawal liability. Yesterday, I spoke with the actuary to
discuss the documents. He informed me that there is one additional piece of information
he needs to complete his analysis. As such, I write to you again to informally request the
additional record.

Specifically, the actuary needs to review:

   a.  the records evidencing the actual mathematical calculations; and
   b.  the records evidencing the formula employed by the union's actuary in
       determining liability.

If you believe it would be helpful (and given that I am not an actuarial expert) I would be
willing to allow our respective actuaries to speak with one another to promote an efficient
exchange of the requested information and documents.

Once you have reviewed this request with your client, please call me to discuss the
manner by which we can most efficiently address this issue. Thank you for your
continued cooperation and professional courtesy.

                                        Yours truly,


                                        JOHN A. MARKEY, JR.

## MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

HON. JOHN A. MARKEY
OF COUNSEL

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

March 21, 2005

Mary E. Kelleher, Esquire
Mickelson & Barnet, P.C.
30 Cornell Street
New Bedford, MA  02740

Re:    New Bedford Fishermen's Pension Trust v. Silva Fishing Corp.

Dear Attorney Kelleher:

I am writing in response to your most recent letters asking for financial records of Silva
Fishing Corp. I have contacted the settlement house which prepares and retains Silva
Fishing Corp.'s settlement sheets and tax returns. The settlement house assures me that I
will have the documents before the end of March. As soon as I receive them, I will
forward them to your attention. ʹ

I am enclosing for your response my most recent letter asking for the actuarial
calculations made by the pension fund's actuarial to establish Silva Fishing Corp's
withdrawal liability. Is this something that is available? Please call me to discuss the
availability of the calculations.

Thank you for your patience regarding the financial records. I look forward to speaking
to you soon.

Yours truly,

JOHN A. MARKEY, JR.

JAM/erc
Enclosure

**MOSES SMITH AND MARKEY, LLC**

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

March 23, 2005

Mary E. Kelleher, Esquire
Mickelson & Barnet, P.C.
30 Cornell Street
New Bedford, MA 02740

Re:    New Bedford Fishermen's Pension Trust v. Silva Fishing Corp.

Dear Attorney Kelleher:

Enclosed are the financial records of Silva Fishing Corp. Thank you for your patience in
regards to this matter.

Yours truly,

JOHN A. MARKEY, JR.

JAM/erc
Enclosure

# Mickelson ◆ Barnet, P.C.
## Counselors At Law
### 30 Cornell Street
### New Bedford, MA 02740-1709

Telephone: (508) 993-8800 or (508) 997-9334
Facsimile: (508) 992-8031

Harvey B. Mickelson

Jay L. Horowitz
Gregory J. Koldys
Mary E. Kelleher
Carrie D. Hoyt

Mary E. Kelleher email: mek@mickelsonbarnet.com

David S. Barnet
(1937-1994)

April 7, 2005

VIA FACSIMILE AND MAIL
(508) 993-0469

John A. Markey, Jr., Esq.
Moses, Smith & Markey, LLC
50 Homers Wharf
New Bedford, MA 02740

> Re: New Bedford Fishermen's Pension Trust, By its Trustees
> Vs: Silva Fishing Corp., Owner of F/V Lutador
> No. 04-12433 JLT

Dear Mr. Markey:

I previously provided you with the plan regulations, valuation report, results of the computation of the withdrawal liability, as well as the actuarial assumptions and contributions upon which it was based. In addition, as part of the automatic disclosure, we made the fund records available to you for inspection and copying at the fund office upon reasonable notice (subject to redaction as some records contain social security numbers, birth dates, and other confidential non-relevant information.)

My client does not have possession, custody, or control of "actual mathematical calculations" or the mathematical "formula" used by the actuary. I have a call into the actuary to determine whether your actuary can make the calculation based on the information previously provided.

The actuary used by my client may be a witness. Therefore, I prefer that you use the discovery methods provided by the rules. In addition, arrangements would have to be made for compensation of the actuary.

Yours truly,

MICKELSON ◆ BARNET, P.C.

Mary E. Kelleher

Mary E. Kelleher

MEK/gt
G/NBFP/SILVA/LTRS/MARKEY (6017)

# Mickelson ◆ Barnet, P.C.
### Counselors At Law
### 30 Cornell Street
### New Bedford, MA 02740-1709

Telephone: (508) 993-8800 or (508) 997-9334
Facsimile: (508) 992-8031

Harvey B. Mickelson

David S. Barnet
(1937-1994)

Jay L. Horowitz
Gregory J. Koldys
Mary E. Kelleher
Carrie D. Hoyt

Mary E. Kelleher email: mek@mickelsonbarnet.com

April 20, 2005

VIA FACSIMILE AND MAIL
(508) 993-0469

John A. Markey, Jr., Esq.
Moses, Smith & Markey, LLC
50 Homers Wharf
New Bedford, MA 02740

Re: New Bedford Fishermen's Pension Trust, By its Trustees
Vs: Silva Fishing Corp., Owner of F/V Lutador
No. 04-12433 JLT

Dear Mr. Markey:

With respect to your request for further information from the Fund actuary, I have been informed that there is sufficient information in the documents previously provided for your actuary to calculate withdrawal liability.

Yours truly,

MICKELSON ◆ BARNET, P.C.

Mary E. Kelleher

MEK/gt
G/NBFP/SILVA/LTRS/MARKEY (6017)

# MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

HON. JOHN A. MARKEY
OF COUNSEL

\* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

April 22, 2005

Mary E. Kelleher, Esquire
Mickelson & Barnet, P.C.
30 Cornell Street
New Bedford, MA  02740

Re:    New Bedford Fishermen's Pension Trust v. Silva Fishing Corp.
       C.A. No.  04-CV- 12433

Dear Attorney Kelleher:

At your suggestion, I have contacted my actuary and he has crafted the following two questions which should allow him to make the necessary calculations. Please forward these questions to your actuary. And, once the answers become available, please send the responses to my attention. I am hopeful that once our actuary completes the calculations that we can resolve the matter amicably.

*A.    What is the calculation of the Fund's total unfunded benefits as of 1/1/2004?  This is the amount that would be allocated to any employer's who withdrew from the Fund in 2004.  Based on section 9.1(j) of the New Bedford Fisherman's Pension Regulations it appears that this amount may be 0 since Fund had assets of $24,387,749 and vested benefits of $24,235,493 as of 12/31/2003.*

*B.    How are the Fund's unfunded benefits (if any) allocated to the FV Lutador.  The one page summary that we have shows the five year history of contributions for the FV Lutador and the Fund as a whole, but does not show the actual calculation of Employer Liability.*

Thank you for your continued cooperation and professional courtesy.

Yours truly,

JOHN A. MARKEY, JR.

# MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

---

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

\* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

June 16, 2005

Mary E. Kelleher, Esquire
Mickelson & Barnet, P.C.
30 Cornell Street
New Bedford, MA  02740

Re:    New Bedford Fishermen's Pension Trust v. Silva Fishing Corp.
       C.A. No.  04-CV- 12433

Dear Attorney Kelleher:

I am writing to try and resolve the actuarial differences between our clients in the above captioned matter.  As you know from our prior correspondence, Mr. Silva acknowledges his membership in the union and he agrees that he would be responsible to pay withdrawal liability to the pension fund if the pension fund was under funded.  The only issue in dispute is whether your client has made an accurate legal and actuarial determination of the unfunded liability in accordance with the plan formula.

Given the narrow area in dispute, I suggest that we submit the issue to binding arbitration for a full and final resolution.  Binding arbitration would lead to a definitive, efficient, and cost-effective result benefiting both parties.

Please review this request with your client, and thank you for your continued cooperation and professional courtesy.

Yours truly,

JOHN A. MARKEY, JR.

# Mickelson ✦ Barnet, P.C.
### Counselors At Law
### 30 Cornell Street
### New Bedford, MA 02740-1709

Telephone: (508) 993-8800 or (508) 997-9334
Facsimile: (508) 992-8031

Harvey B. Mickelson

Jay L. Horowitz
Gregory J. Koldys
Mary E. Kelleher
Carrie D. Hoyt
John F. Whiteside, Jr.

Mary E. Kelleher email: mek@mickelsonbarnet.com

David S. Barnet
(1937-1994)

July 8, 2005

VIA FACSIMILE AND MAIL
(508) 993-0469

John A. Markey, Jr., Esq.
Moses, Smith & Markey, LLC
50 Homers Wharf
New Bedford, MA 02740

Re: New Bedford Fishermen's Pension Trust, By its Trustees
Vs: Silva Fishing Corp., Owner of F/V Lutador
No. 04-12433 JLT

Dear Mr. Markey:

I am writing in response to your letter of June 16, 2005. Although your client claims there is a dispute as to whether the withdrawal liability calculated by the fund actuary is accurate, you have not identified the alleged inaccuracy or presented factual information in support of the claim of an alleged inaccuracy.

As you know, it was originally your client's position that they would not pay the withdrawal liability. The principal of the defendant corporation even refused to provide requested information concerning the sale of the vessel which in itself is a violation of the regulations.

Under the regulations, your client had 90 days after the notice of withdrawal liability dated November 10, 2004, to identify the inaccuracy and furnish information to the Trustees in support of its claim of inaccuracy. It did not do so. In failing to do so, your client was deemed to have agreed to the withdrawal liability determination. See paragraph 9.2 of the regulations.

In addition, your client, if it desired arbitration, had to request it by January 10, 2005. See paragraph 9.10 of the regulations.

John A. Markey, Jr., Esq.
July 8, 2005
Page 2

In addition to the above, on a practical level, submitting to arbitration would be more time consuming and expensive. Since the matter has been pending in federal court since November, 2004, I see the case being resolved by summary judgment.

Yours truly,

MICKELSON ♦ BARNET, P.C.

*Mary E. Kelleher (sd)*

Mary E. Kelleher

MEK/gt
G/NBFP/SILVA/LTRS/MARKEY (6017)

## John A. Markey, Jr.

**From:**     ECFnotice@mad.uscourts.gov
**Sent:**     Wednesday, October 12, 2005 2:34 PM
**To:**       CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:04-cv-12433-JLT New Bedford Fishermen's Pension Trust, By Its Trustees v.
          Silva Fishing Corp. "Order"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without
charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Abaid, Kim entered on 10/12/2005 at 3:34 PM EDT and
filed on 10/11/2005
**Case Name:**        New Bedford Fishermen's Pension Trust, By Its Trustees v. Silva Fishing Corp.
**Case Number:**      1:04-cv-12433
**Filer:**
**Document Number:** 14

**Docket Text:**
Judge Joseph L. Tauro : ORDER entered. The Parties shall arrange a meeting between their respective
actuaries to determine the amount of withdrawal liablity, if any. This meeting shall take place no later
than November 8, 2005. The Parties shall file a Status Report following the above-mentioned meeting.
(Abaid, Kim)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/12/2005] [FileNumber=1159116-
0] [5306dd59333241c9bd471c9aaaa1e9ad63674d7ce57fadf3f42d70a61c521a3e56
dddacc33dacb3e62e07a05a7af8362f4ad92acbcf677d2d253be53decf91c4]]

**1:04-cv-12433 Notice will be electronically mailed to:**

John A. Markey    MOSESSMITH.MARKEY@VERIZON.NET

**1:04-cv-12433 Notice will not be electronically mailed to:**

Mary Ellen Kelleher
Mickelson Barnet, P.C.
30 Cornell Street

10/12/2005

# Mickelson • Barnet, P.C.
## Counselors at Law
30 Cornell Street
New Bedford, MA 02740
Telephone: (508) 993-8800 • (508) 997-9334
Facsimile: (508) 992-8031
Mary E. Kelleher email: mek@mickelsonbarnet.com

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>JOHN A. MARKEY, JR. | FROM<br>MARY E. KELLEHER |
|---|---|
| COMPANY:<br>MOSES SMITH & MARKEY | DATE:<br>October 11, 2005 |
| FAX NUMBER:<br>(508) 993-0469 | TOTAL NO. OF PAGES INCLUDING COVER:<br>1 |
| PHONE NUMBER<br>(508) 993-9711 | |

RE:
NEW BEDFORD FISHERMEN'S PENSION TRUST vs. SILVA FISHING CORP., No. 04-12433 JLT

COMMENTS:

At this time, the Fund's actuary will be available to speak with your actuary from Angell Pension Group on the mornings of October 17, 19, 20, 26 or 27. Would you please advise as to your client's availability on one of those dates.

In the interest of saving time and money in actuarial fees, would you please have your actuary submit in writing their contentions or any questions they may have pertaining to the calculation of the Fund's assumptions or methods prior to the actuaries speaking.

cc: Ana C. Salvador, Administrator

CONFIDENTIALITY

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN INFORMATION FROM THE LAW FIRM OF MICKELSON • BARNET, P.C., WHICH IS CONFIDENTIAL OR PRIVILEGED. THE INFORMATION IS INTENDED TO BE FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ON THIS TRANSMISSION SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS TELECOPIED INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE ORIGINAL DOCUMENTS AT NO COST TO YOU.

CONFIRMATION _____

# Mickelson • Barnet, P.C.
### Counselors at Law
### 30 Cornell Street
### New Bedford, MA 02740
### Telephone: (508) 993-8800 • (508) 997-9334
### Facsimile: (508) 992-8031
### Mary E. Kelleher email: mek@mickelsonbarnet.com

## FACSIMILE TRANSMITTAL SHEET

| TO: JOHN A. MARKEY, JR. | FROM: MARY E. KELLEHER |
|---|---|
| COMPANY: MOSES SMITH & MARKEY | DATE: October 18, 2005 |
| FAX NUMBER: (508) 993 0469 | TOTAL NO. OF PAGES INCLUDING COVER: 1 |
| PHONE NUMBER: (508) 993-9711 | |

RE:
NEW BEDFORD FISHERMEN'S PENSION TRUST vs. SILVA FISHING CORP., No. 04-12433 JLT

COMMENTS:

The conference call between the actuaries is scheduled for 11:00 a.m. on October 26th. I plan on listening in and will initiate the call. If you wish to participate, you are invited to come to my office. I look forward to receiving the outline which we discussed prior to the phone conference.

cc: Ana C. Salvador, Administrator

### CONFIDENTIALITY

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN INFORMATION FROM THE LAW FIRM OF MICKELSON • BARNET, P.C., WHICH IS CONFIDENTIAL OR PRIVILEGED. THE INFORMATION IS INTENDED TO BE FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ON THIS TRANSMISSION SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS TELECOPIED INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE ORIGINAL DOCUMENTS AT NO COST TO YOU.

CONFIRMATION _____

# Memorandum

**To:**    Mary Kelleher

**From:** John A. Markey, Jr.

**Date:**  10/20/2005

**Re:**    Withdrawal Liability - F/V Lutador

---

This memorandum outlines the significant issues and differences between Jason Denton's review of an appropriate withdrawal liability for F/V Lutador and the calculation prepared by Basil Castrovinci Associates (BCA) for the New Bedford Fishermen's Pension Fund.

According to the Pension Fund's Actuarial Valuation Report as of January 1, 2004, the fund had vested liabilities of $24,235,493 and market assets of $24,387,749 as of January 1, 2004. This indicates that there were no unfunded vested benefits as of January 1, 2004. However, in BCA's calculation of withdrawal liability, an expense load of 5% of vested benefits was added as an additional plan liability. This expense load artificially creates an unfunded liability, which BCA then apportioned to F/V Lutador.

In general, withdrawal liability is calculated on a "snapshot" basis. That is, liabilities and assets of a plan are measured as of one specific date, in this case, January 1, 2004. The addition of the expense load by BCA provides the fund with a hedge against future administrative costs of the plan. However, it does not account for the anticipated asset growth under the plan. This one-sided inflation of liabilities for future costs (without a balanced accounting for the anticipated growth) is contrary to a "snapshot" calculation.

Additionally, there appears to be a potential discrepancy in the history of employer contributions. Over the five plan years from 1999 to 2003, FV Lutador consistently contributed to plan roughly $12,000 to $19,000 per year. Total employer contributions over that period ranged from $210,000 to $260,000 except for the year 2000 when total contributions were only listed as $75,729. If the numbers are accurate, then for 1999 the F/V Lutador personally contributed $15,802 or 20.9% of the total. This is aberrant given that in 1999 and in 2001 through 2003, F/V Lutador contributions averaged 6.1% of the total employer contributions. If total contributions have been mistakenly under reported in 2000, F/V Lutador's withdrawal liability as calculated would be too high.

1

# Memorandum

**To:**   Mary Kelleher

**From:** John A. Markey, Jr.

**Date:**  11/09/2005

**Re:**   Withdrawal Liability - F/V Lutador

This memorandum is a follow up to our recent conference call addressing the issues and differences between Jason Denton's review of the withdrawal liability for F/V Lutador and the calculation prepared by Basil Castrovinci Associates (BCA) for the New Bedford Fishermen's Pension Fund. I have had an opportunity to discuss the matter with Mr. Denton and to review the 2000 paperwork which you provided to this office. I believe that the dialogue has narrowed the issues.

Without conceding the matters raised in my last memorandum - specifically Mr. Castrovinci's decision to charge for costs and the accuracy of the 2000 contributions, I am willing to proceed to a settlement of the case if your client is willing to use the actual (and more accurate) figure of 3.84% for anticipated expenses / costs. If your client is willing to proceed in this manner, the case can be resolved without need for further litigation. The basis for this request and the associated calculations are as follows:

In the pension fund, the administrative expenses / costs are separately identified and included in the calculation of annual funding requirements for the plan. The intent seems to be that future administrative expensive / costs of the plan be paid for over the future working lifetime of active participants. The administrative expenses being funded should generally be updated in each valuation as the actuary's best estimate of future experience.

In the January 1, 2004 valuation report prepared by Mr. Castrovinci, the estimated administrative expenses / costs are shown on page 4, Exhibit B. This page shows annual expenses of $123,000 being funded over an expected future working lifetime of 7.5666. This generates an assumed present value of future administrative costs of $930,691.80. This represents 3.84% of the vested liabilities at January 1, 2004 of $24,235,493.

Since the valuation report is explicitly funding for the actuary's best estimate of future administrative costs, it makes more sense to add this amount (3.84%) to vested liabilities in the calculation of withdrawal liability rather than the (5%) used without any explication or justification.

1

Using the assumption for expenses as contained in the valuation report (3.84%), the calculation of withdrawal liability for FV Lutador would be as follows:

| | |
|---|---|
| (1) Vested Liability at 1/1/2004 = | 24,235,493.00 |
| (2) Estimated Admin Costs = | 930,691.80 |
| (3) Assets at 1/1/2004 = | 24,387,749.00 |
| (4) Unfunded Liability for withdrawal purposes (1)+(2)-(3) = | 778,435.80 |
| (5) FV Lutador plan contributions in past 5 years = | 73,056.00 |
| (6) Total plan contributions in last 5 years = | 1,014,096.00 |
| (7) Preliminary FV Lutador Withdrawal Liability (4)*(5)/(6) = | 56,078.92 |
| (8) Withdrawal Liability Adjustment per section 9.6(b) - 0.0075*(4) = | 5,838.27 |
| (9) Withdrawal Liability for FV Lutador (7) - (8) = | **50,240.65** |

Once you have reviewed this memorandum with your client and Mr. Castrovinci, please contact me to discuss whether we can resolve the case without further expense to either party.

Thanks you for your anticipated cooperation.

## MOSES SMITH AND MARKEY, LLC
### ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

December 19, 2005

The Honorable Joseph L. Tauro
United States District Court
for the District of Massachusetts
One Courthouse Way
Boston, MA  02210

Re:    New Bedford Fishermen's Pension Trust Fund, by its Trustees vs.
       Silva Fishing Corp., Owner of the F/V Lutador
       <u>Docket No. 04-12433-JLT</u>

Dear Judge Tauro:

We are writing at your request to report on the results of our discussions with the actuary experts representing the two parties involved in the above captioned case.  At our most recent Status Conference, you ordered the parties to coordinate a meeting of the actuarial experts to discuss the matter.  Since that time, we have had several conference calls and we have exchanged follow up correspondence to narrow the dispute between the parties.

At this point, the experts have reached an impasse regarding the proper calculation for the withdrawal liability.  In essence, the actuaries disagree as to the reasonableness of certain assumptions employed by the pension fund in calculating withdrawal liability.  The parties also disagree as to whether the assumptions, in the aggregate, are reasonable.

Given that situation, the parties believe that a brief period allowing for written discovery culminating with an exchange of expert reports would allow the parties to efficiently try this case in a one day trial.  We respectfully suggest the following schedule:

|  |  |
|---|---|
| Written Discovery Completed: | April 1, 2006 |
| Expert Reports Exchanged: | May 1, 2006 |
| Summary Judgment | June 1, 2006 |
| Final Pretrial Conference: | July 1, 2006 |
| Trial | Sept. 1, 2006 |

December 19, 2005
The Honorable Jospeh L. Tauro
Page Two

We hope that this letter is responsive to your request for a status report. If the Court would like additional information, the parties would be happy to appear for a further status conference. If the Court believes that this report is satisfactory and if the Court sees the aforementioned litigation schedule as reasonable, the parties will proceed accordingly to prepare the matter for trial.


Sincerely,                                          Sincerely,


MARY E. KELLEHER                      JOHN A. MARKEY, JR.
Plaintiff's Counsel                         Defendant's Counsel

# MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

January 10, 2006

Mary E. Kelleher, Esquire
Mickelson & Barnet, P.C.
30 Cornell Street
New Bedford, MA 02740

Re:    New Bedford Fishermen's Pension Trust v. Silva Fishing Corp.
       C.A. No. 04-CV- 12433

Dear Attorney Kelleher:

I am writing to request certain documents that I need to complete a more thorough
actuarial review of the disputed calculations. I realize that you are not legally required to
produce the requested documents informally. But, given that both parties have an interest
in efficiently resolving the matter, I hope you would be willing to produce the following
sets of documents:

1.  The annual New Bedford Fishermen's Pension Trust Actuarial Valuation
    Reports for each year from 1995 through 2004
2.  The annual Summary Reconciliation Report for Plan Assets (without all
    supporting documentation) for each year from 1995 through 2004

Once you have reviewed this request with your client, please call me to discuss whether
you will voluntarily produce the requested documents, or whether I need to file a formal
Request for Production of Documents with the United States District Court.

Thank you for your continued cooperation and professional courtesy.

Yours truly,

JOHN A. MARKEY, JR.

# Mickelson ◆ Barnet, P.C.
### Counselors At Law
### 30 Cornell Street
### New Bedford, MA 02740-1709

Telephone: (508) 993-8800 or (508) 997-9334
Facsimile: (508) 992-8031

Harvey B. Mickelson

David S. Barnet
(1937-1994)

Jay L. Horowitz
Gregory J. Koldys
Mary E. Kelleher
Carrie D. Hoyt
John F. Whiteside, Jr.

Mary E. Kelleher email: mek@mickelsonbarnet.com

January 30, 2006

John A. Markey, Jr., Esq.
Moses, Smith & Markey, LLC
50 Homers Wharf
New Bedford, MA 02740

> Re: New Bedford Fishermen's Pension Trust, By its Trustees
> Vs: Silva Fishing Corp., Owner of F/V Lutador
> No. 04-12433 JLT

Dear Mr. Markey:

Enclosed herewith in reference to the above, please find Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents.

Yours truly,

MICKELSON ◆ BARNET, P.C.

Mary E. Kelleher

Mary E. Kelleher

MEK/gt
Enclosures
G/NBFP/SILVA/LTRS/MARKEY (6017)

# MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

\* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

March 31, 2006


Mary E. Kelleher, Esquire
Mickelson & Barnet, P.C.
30 Cornell Street
New Bedford, MA  02740


Re:    New Bedford Fishermen's Pension Trust v. Silva Fishing Corp.
       C.A. No.  04-CV- 12433


Dear Attorney Kelleher:

**Pursuant to Rule 68 of the Massachusetts Rules of Civil Procedure**, the defendant, Silva Fishing Corp., hereby encloses the following Offer of Judgment to New Bedford Fishermen's Pension Trust.  The Offer is for a total of **Fifty Five Thousand Eighty Four and 74/100 ($55,084.74) Dollars.**  This amount includes the amount previously paid plus additional principal, plus costs and statutory interest.

As you know, Silva Fishing has already paid the New Bedford Fishermen's Pension Trust, Twenty Five Thousand Eighty Four and 74/100 ($25,084.74) Dollars.  As such, Silva Fishing offers to pay an additional lump sum of Thirty Thousand ($30,000.00) Dollars towards the total of Fifty Five Thousand Eighty Four and 74/100 ($55,084.74) Dollars.

According to the defendant's actuary (who will testify at trial of this matter) the offer herein expressed exceeds the amount due and owing.

This offer is made for the purposes specified in Mass. R. Civ. P. 68 and is not to be construed either as an admission of liability, or that the plaintiff, New Bedford Fishermen's Pension Trust Fund, suffered any damages.

Rule 68 provides that your client has ten (10) days to accept this offer. If this Offer of Judgment is rejected, or if no response is served within ten (10) days, the Offer will be deemed to have been withdrawn and all costs incurred thereafter may be charged against the Plaintiff if the Plaintiff obtains a lesser amount after trial.

Yours truly,

JOHN A. MARKEY, JR.

JAM/ljobrf
Enclosure

# MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

---

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

\* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

April 7, 2006

Mary E. Kelleher, Esquire
Mickelson & Barnet, P.C.
30 Cornell Street
New Bedford, MA  02740

Re:   <u>New Bedford Fishermen's Pension Trust v. Silva Fishing Corp.</u>
      C.A. No.  04-CV- 12433

Dear Attorney Kelleher:

Enclosed is Defendant's First Set of Interrogatories to Plaintiff along with Defendant's First Request for the Production of Documents.

Yours truly,

JOHN A. MARKEY, JR.

JAM/ljobrf
Enclosure

# Mickelson ◆ Barnet, P.C.

Counselors At Law
30 Cornell Street
New Bedford, MA 02740-1709

Telephone: (508) 993-8800 or (508) 997-9334
Facsimile: (508) 992-8031

Harvey B. Mickelson

David S. Barnet
(1937-1994)

Jay L. Horowitz
Gregory J. Koldys
Mary E. Kelleher
Carrie D. Hoyt
John F. Whiteside, Jr.

Mary E. Kelleher email: mek@mickelsonbarnet.com

May 8, 2006

John A. Markey, Jr., Esq.
Moses, Smith & Markey, LLC
50 Homers Wharf
New Bedford, MA 02740

      Re: New Bedford Fishermen's Pension Trust, By its Trustees
      Vs: Silva Fishing Corp., Owner of F/V Lutador
      No. 04-12433 JLT

Dear Mr. Markey:

      Enclosed herewith in reference to the above, please find Plaintiff's Answers to Defendant's First Set of Interrogatories and Plaintiff's Response to Defendant's First Request for Production of Documents and the documents specified therein.

                Yours truly,

                MICKELSON ◆ BARNET, P.C.

                Mary E. Kelleher

MEK/gt
Enclosures
G/NBFP/SILVA/LTRS/MARKEY (6017)

# Mickelson ◆ Barnet, P.C.
### Counselors At Law
### 30 Cornell Street
### New Bedford, MA  02740-1709

Telephone: (508) 993-8800 or (508) 997-9334
Facsimile: (508) 992-8031

Harvey B. Mickelson

David S. Barnet
(1937-1994)

Jay L. Horowitz
Gregory J. Koldys
Mary E. Kelleher
Carrie D. Hoyt

Mary E. Kelleher email: mek@mickelsonbarnet.com

August 30, 2006

IN HAND

John A. Markey, Jr., Esq.
Moses, Smith & Markey, LLC
50 Homers Wharf
New Bedford, MA 02740

> Re: New Bedford Fishermen's Pension Trust, By its Trustees
> Vs: Silva Fishing Corp., Owner of F/V Lutador
> No. 04-12433 JLT

Dear Mr. Markey:

Enclosed please find copy of Declaration of Thomas P. Tierney in Support of Plaintiff's Withdrawal Liability Calculation.

Yours truly,

MICKELSON ◆ BARNET, P.C.

*Mary E. Kelleher*

Mary E. Kelleher

MEK/gt
Enclosure
G/NBFP/SILVA/LTRS/MARKEY (6017)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No:  04-12433-JLT

NEW BEDFORD FISHERMEN'S PENSION )
TRUST FUND, BY ITS TRUSTEES, )
)
      Plaintiff )
)
v. )
)
SILVA FISHING CORP., OWNER OF THE )
F/V LUTADOR, )
)
      Defendant )

**DEFENDANT'S RULE 26 EXPERT DISCLOSURE OF
ACTUARIAL EXPERT JASON DENTON**

Pursuant to F.R.C.P. 26(a)(2)(B), the plaintiffs hereby disclose Mr. Jason Denton

an expert witness.

**Question One:**

A written expert report prepared and signed by the expert witness.

**Answer One:**

See Exhibit A:  Expert Report of Jason Denton.

**Question Two:**

The data or other information considered by the witness in forming his or her

opinion.

**Answer Two:**

See Exhibit A:  Expert Report of Jason Denton.

**Question Three:**

Any exhibits to be used as a summary of or in support of the opinions.

## MOSES SMITH AND MARKEY, LLC
### ATTORNEYS AT LAW
### 50 HOMERS WHARF
### NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

December 23, 2004


Mary Kelleher, Esquire
Michelson, Barnet and Associates
30 Cornell Street
New Bedford, MA  02740

Re:  Silva Fishing Corp.

Dear Ms. Kelleher:

Enclosed is a check in the amount of $4,180.79 which represents the first quarterly payment of the Withdrawal Liability of Silva Fishing Corp.

Yours truly,


JOHN A. MARKEY, JR.

JAM/erc
Enclosure

# MOSES SMITH AND MARKEY, LLC
### ATTORNEYS AT LAW
### 50 HOMERS WHARF
### NEW BEDFORD, MA 02740

### TELEPHONE NO. (508) 993-9711
### FAX NO. (508) 993-0469

**KIMBERLY MOSES SMITH** *
**JOHN A. MARKEY, JR.** †

**HON. JOHN A. MARKEY**
**OF COUNSEL**

\* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

March 28, 2005

Mary Kelleher, Esquire
Michelson, Barnet and Associates
30 Cornell Street
New Bedford, MA 02740

Re: Silva Fishing Corp.

Dear Ms. Kelleher:

Enclosed is a check in the amount of $4,180.79 which represents the second quarterly
payment of the Withdrawal Liability of Silva Fishing Corp.

Yours truly,

JOHN A. MARKEY, JR.

JAM/erc
Enclosure

## MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD. MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY. JR. †

\* ADMITTED IN MA AND RI
† ADMITTED IN MA. RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

May 27, 2005

Mary Kelleher, Esquire
Michelson, Barnet and Associates
30 Cornell Street
New Bedford, MA  02740

Re:  Silva Fishing Corp.

Dear Ms. Kelleher:

Enclosed is a check in the amount of $4,180.79 which represents the third quarterly
payment of the Withdrawal Liability of Silva Fishing Corp.

Yours truly,

JOHN A. MARKEY, JR.

JAM/erc
Enclosure

## MOSES SMITH AND MARKEY, LLC
### ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

September 1, 2005

Mary Kelleher, Esquire
Michelson, Barnet and Associates
30 Cornell Street
New Bedford, MA  02740

Re:  Silva Fishing Corp.

Dear Ms. Kelleher:

Enclosed is a check in the amount of $4,180.79 which represents the fourth quarterly payment of the Withdrawal Liability of Silva Fishing Corp.

Yours truly,

JOHN A. MARKEY, JR.

JAM/ljobrf
Enclosure

---

MOSES SMITH & MARKEY LLC
MA IOLTA
50 HOMERS WHARF
NEW BEDFORD, MA 02740

602

5-7515-110

DATE  8-31-05

PAY
TO THE
ORDER OF  NEW BEDFORD FISHERMEN'S PENSION FUND                    $ 4,180.79

FOUR THOUSAND - ONE HUNDRED - EIGHTY AND 79/100          DOLLARS

Sovereign Bank
sovereignbank.com

FOR

⑈000602⑈ ⑈011075150⑈ 686049367986⑈

## MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

HON. JOHN A. MARKEY
OF COUNSEL

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

December 30, 2005

Mary Kelleher, Esquire
Michelson, Barnet and Associates
30 Cornell Street
New Bedford, MA  02740

Re:  Silva Fishing Corp.

Dear Ms. Kelleher:

Per our agreement, enclosed is another check in the amount of $4,180.79 which
represents the next quarterly payment of the Withdrawal Liability of Silva Fishing Corp.

Please check your records to confirm that all of the quarterly payments are up to date.  As
you know, I have sufficient funds placed in escrow to pay any deficiency if there has
been an accounting error to date.

Yours truly,

JOHN A. MARKEY, JR.

JAM/ljobrf
Enclosure

# MOSES SMITH AND MARKEY, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO. (508) 993-9711
FAX NO. (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT

HON. JOHN A. MARKEY
OF COUNSEL

March 31, 2006

Mary Kelleher, Esquire
Michelson, Barnet and Associates
30 Cornell Street
New Bedford, MA  02740

Re:  Silva Fishing Corp.

Dear Ms. Kelleher:

Per our agreement, enclosed is another check in the amount of $4,180.79 which represents the next quarterly payment of the Withdrawal Liability of Silva Fishing Corp.

Please check your records to confirm that all of the quarterly payments are up to date.  As you know, I have sufficient funds placed in escrow to pay any deficiency if there has been an accounting error to date.

Yours truly,

JOHN A. MARKEY, JR.

JAM/ljobrf
Enclosure

# Moses Smith & Markey, LLC

ATTORNEYS AT LAW
50 HOMERS WHARF
NEW BEDFORD, MA 02740

TELEPHONE NO: (508) 993-9711
FAX NO: (508) 993-0469

KIMBERLY MOSES SMITH *
JOHN A. MARKEY, JR. †

LORI O'BRIEN-FOERI ‡

* ADMITTED IN MA AND RI
† ADMITTED IN MA, RI AND CT
‡ ADMITTED IN MA

HON. JOHN A. MARKEY
OF COUNSEL

September 7, 2006

*Via Hand Delivery*

Mary Kelleher, Esquire
Michelson, Barnet and Associates
30 Cornell Street
New Bedford, MA  02740

Re: Silva Fishing Corp.

Dear Ms. Kelleher:

I am writing in response to your September 5th letter which I received today.  I apologize for inadvertently failing to deliver the most recent quarterly payment to the union. Enclosed is a check in the amount of $8,361.58.  This represents the full quarterly payments for the third and fourth quarters of 2006.  As you know, the fourth quarter payment is not yet due.  But, as a courtesy (and to compensate) for any inconvenience caused by the delay in making the third quarter payment, the fourth quarter payment is being made in advance.  I trust that this satisfies your client.

As you know, my client continues to dispute that these payments were accurately calculated and he reserves the right to demand reimbursement from the union after the trial has concluded.

With this payment, I believe that all quarterly payments have been made in full (plus the one that has been made in advance).  Please ask your client to check its records to confirm that all of the quarterly payments are up to date.  I continue to hold sufficient funds in escrow to pay any deficiency if there has been an accounting error to date.

Yours truly,

JOHN A. MARKEY, JR.

JAM/ljobrf
Enclosure